# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

_____  Filed:_____

KENIA ALMONTE,                              INDEX NO.:_____

      Plaintiff,              Plaintiff designates BRONX County as the place of trial.

 -against-

      **S U M M O N S**

TARGET CORPORATION d/b/a TARGET STORE NO.: T-1798

The basis of venue is Plaintiff's residence:
1733 University Avenue
Bronx, New York 10453

      Defendant.
_____

**To the above-named Defendant:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: New York, New York
   February 16, 2022

           THE LEVY LAW FIRM, P.C.

           _____
           By: **Jamie B. Levy**
           Attorneys for Plaintiff
           233 Broadway, Suite 2200
           New York, New York 10279
           (212) 227-1222

TARGET CORPORATION
c/o CT CORPORATION SYSTEM
28 Liberty Street
New York, New York 10005

TARGET CORPORATION
1000 Nicollet Mall
Minneapolis, Minnesota 55403

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
_____

KENIA ALMONTE,

                      Plaintiff,

-against-

TARGET CORPORATION d/b/a TARGET STORE NO.: T-1798,

                      Defendant.
_____

INDEX NO.:_____

**VERIFIED COMPLAINT**

    Plaintiff, KENIA ALMONTE, by her attorneys, THE LEVY LAW FIRM, P.C., as and for her Verified Complaint, respectfully alleges, upon information and belief:

    1. The plaintiff, KENIA ALMONTE, at all times herein mentioned was and still is a resident of the County of BRONX and the State of New York.

    2. The defendant TARGET CORPORATION d/b/a TARGET STORE NO.: T-1798, (hereinafter referred to as "TARGET"), at all times herein mentioned, was and still is a foreign business corporation organized and existing under the laws of the State of Minnesota, with its principal place of business situated in the County of New York and the State of New York.

    3. The defendant TARGET, at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

    4. The defendant, TARGET, at all times herein mentioned conducted and carried on business County of BRONX and the State of New York.

    5. The defendant, TARGET, at all times herein mentioned was and still is a partnership doing business County of BRONX and the State of New York.

6. The defendant, TARGET, at all times herein mentioned was and still is a limited liability partnership doing business County of BRONX and the State of New York.

7. The defendant, TARGET, at all times herein mentioned was and still is a limited liability corporation doing business County of BRONX and the State of New York.

8. The defendant, TARGET, at all times herein mentioned was and still is a sole proprietorship doing business County of BRONX and the State of New York.

9. At all times herein mentioned, defendant TARGET transacted business within the State of New York.

10. At all times herein mentioned, defendant TARGET derived substantial revenue from goods used or consumed or services rendered in the State of New York.

11. At all times herein mentioned, defendant TARGET expected or should reasonably have expected its acts to have consequences in the State of New York.

12. At all times herein mentioned, defendant TARGET derived substantial revenue from interstate or international commerce.

13. At all times herein mentioned, KENIA ALMONTE was lawfully upon defendant's premises.

14. That on or about August 11, 2020, the defendant TARGET was and still is the owner of the retail department store familiarly known as Target and located at 40 West 225th Street, County of BRONX, City and State and New York.

15. That on or about August 11, 2020, the defendant TARGET was and still is the owners of the property located at 40 West 225th Street, County of BRONX, City and State and New York.

16. That on or about August 11, 2020, the defendant TARGET was and still one of the owners of the premises situated at 40 West 225th Street, County of BRONX, City and State and New York.

17. That on or about August 11, 2020, the defendant TARGET was a lessee of the retail department store familiarly known as Target and located at 40 West 225th Street, County of BRONX, City and State and New York.

18. That on or about August 11, 2020, the defendant TARGET was and still is the lessee of the property located at 40 West 225th Street, County of BRONX, City and State and New York.

19. That on or about August 11, 2020, the defendant TARGET was and still one of the lessee of the premises situated at 40 West 225th Street, County of BRONX, City and State and New York.

20. That on or about August 11, 2020, the defendant TARGET was and still is in possession of the retail department store familiarly known as Target, located at 40 West 225th Street, County of BRONX, City and State and New York.

21. That on or about August 11, 2020, the defendant TARGET was and still is in possession of the property located at 40 West 225th Street, County of BRONX, City and State and New York.

22. That on or about August 11, 2020, the defendant TARGET was and still is in possession of the premises situated at 40 West 225th Street, County of BRONX, City and State and New York.

3

23. That on or about August 11, 2020, the defendant TARGET, defendant's servants, agents and/or employees operated the premises located at 40 West 225th Street and known as Target as a retail department store for the purpose of selling merchandise at retail to the public.

24. That on or about August 11, 2020, the defendant TARGET, defendant's servants, agents and/or employees maintained the premises located at 40 West 225th Street and known as Target as a retail department store for the purpose of selling merchandise at retail to the public.

25. That on or about August 11, 2020, the defendant TARGET, defendant's servants, agents and/or employees managed the premises located at 40 West 225th Street and known as Target as a retail department store for the purpose of selling merchandise at retail to the public.

26. That on or about August 11, 2020, the defendant TARGET, defendant's servants, agents and/or employees controlled the premises located at 40 West 225th Street and known as Target as a retail department store for the purpose of selling merchandise at retail to the public.

27. That on or about August 11, 2020, the defendant TARGET, defendant's servants, agents and/or employees supervised the premises located at 40 West 225th Street and known as Target as a retail department store for the purpose of selling merchandise at retail to the public.

28. That on or about August 11, 2020, the defendant TARGET, defendant's servants, agents and/or employees repaired the premises located at 40 West 225th Street and known as Target as a retail department store for the purpose of selling merchandise at retail to the public.

29. That on or about August 11, 2020, the defendant TARGET, defendant's servants, agents and/or employees inspected the premises located at 40 West 225th Street and known as Target as a retail department store for the purpose of selling merchandise at retail to the public.

30. That on or about August 11, 2020, the defendant TARGET, defendant's servants, agents and/or employees constructed the premises located at 40 West 225th Street and known as Target as a retail department store for the purpose of selling merchandise at retail to the public.

31. That on or about August 11, 2020, the defendant TARGET, defendant's servants, agents and/or employees designed the premises located at 40 West 225th Street and known as Target as a retail department store for the purpose of selling merchandise at retail to the public.

32. That on or about August 11, 2020, the defendant TARGET, defendant's servants, agents and/or employees were obligated to maintain said premises known as Target and located at 40 West 225th Street County of BRONX, City and State and New York, in a reasonably safe and suitable condition and in good repair.

33. That on or about August 11, 2020, the plaintiff KENIA ALMONTE was a patron of the retail department store familiarly known as Target and located at 40 West 225th Street, County of BRONX, City and State and New York.

34. That on or about August 11, 2020, while the plaintiff, KENIA ALMONTE was a patron of the retail department store familiarly known as Target she was caused to become severely and seriously injured due to the lack of care of the defendants, defendant's agents, servants and/or employees in allowing a dangerous and defective condition to exist in said retail department store.

35. That on or about August 11, 2020, due to the negligence of the defendant, plaintiff, KENIA ALMONTE was caused to become suddenly and violently stuck in the head by retail merchandise and/or a metal shelf and/or a bookcase within said retail department store and, as a result, she sustained severe and serious bodily injuries.

5

36. That the aforesaid occurrence and the injuries and damages arising therefrom were caused by the carelessness and negligence of the defendant TARGET, their agents, servants and/or employees, in failing to maintain and keep the retail merchandise and/or a metal shelf and/or a bookcase within said retail department store in a safe and proper condition; in allowing the aforesaid retail merchandise and/or a metal shelf and/or a bookcase within said retail department store to become and remain in a hazardous and dangerous condition; maintaining and permitting the aforesaid retail merchandise and/or a metal shelf and/or a bookcase within said retail department store to be maintained in a defective, dangerous and hazardous condition; in allowing retail merchandise and/or a metal shelf and/or a bookcase within said retail department store to be improperly stocked, hung and/or installed; permitting the aforementioned dangerous condition to exist for an unreasonable period of time prior to the occurrence; failure to give proper warning to plaintiff and to those persons in said area of said dangerous condition; in that the defendant knew or should have known of the facts hereinbefore referred to in exercising reasonable care and diligence; failure to take proper precautions to prevent persons lawfully and properly in the above location from being struck by retail merchandise and/or a metal shelf and/or a bookcase within said retail department store; failure to alleviate the dangerous and hazardous condition, although the condition had remained there for an extended period of time; failure to observe reasonable care and diligence in the above location; maintaining said location in a careless, dangerous and hazardous manner so as to create a hazardous condition for plaintiff who was lawfully and properly in the above location; in failing to give proper notice to plaintiff of said improper and dangerous condition so as to allow her to avoid said accident; that the defendant had actual notice of said condition; and that the defendant, by its agents, servants,

6

and/or employees were otherwise negligent.

37. Solely as a result of the defendant's negligence, carelessness and recklessness, KENIA ALMONTE was caused to suffer severe and serious personal injuries to mind and body, and further, that KENIA ALMONTE was subjected to great physical pain and mental anguish.

38. By reason of the foregoing, KENIA ALMONTE was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and KENIA ALMONTE will be permanently caused to suffer pain, inconvenience and other effects of such injuries; KENIA ALMONTE incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and KENIA ALMONTE will be unable to pursue KENIA ALMONTE's usual duties with the same degree of efficiency as prior to this accident, all to KENIA ALMONTE's great damage.

39. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

40. Due to defendant's negligence, plaintiff is entitled to damages in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff demands judgment awarding damages in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: New York, New York
    February 16, 2022

                    THE LEVY LAW FIRM, P.C.

                    _____
                    By: Jamie B. Levy
                    Attorneys for Plaintiff
                    233 Broadway, Suite 2200
                    New York, New York 10279
                    (212) 227-1222

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
_____

KENIA ALMONTE,

                    Plaintiff,

-against-

TARGET CORPORATION d/b/a TARGET STORE NO.: T-1798,

                    Defendant.
_____

INDEX NO.:_____

**ATTORNEY'S VERIFICATION**

    Jamie B. Levy, an attorney duly admitted to practice law in the Courts of the State of New York, makes the following affirmation under the penalty of perjury:

    I am a member of THE LEVY LAW FIRM, P.C., the attorneys of record for the plaintiff.

    I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

    This verification is made by affirmant and not by plaintiff because she is not in the County of New York, which is the County where your affirmant maintains offices.

    The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: New York, New York
       February 16, 2022

_____
JAMIE B. LEVY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:_____

-----------------------------------------------------------------

KENIA ALMONTE,

                Plaintiff,

-against-

TARGET CORPORATION d/b/a TARGET STORE NO.: T-1798,

                Defendant.

-----------------------------------------------------------------

----------------------------------------------------------------

**SUMMONS and VERIFIED COMPLAINT**

----------------------------------------------------------------

**THE LEVY LAW FIRM, P.C.**
Attorneys for Plaintiff
233 Broadway, Suite 2200
New York, New York 10279
(212) 227-1222